UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADER EGHTESAD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>Defendants. | Case No. 4:23-cv-00525-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

On August 9, 2023, Defendants County of Contra Costa, Keith Marks, John Kophik, Jason Crapo, and Joseph Losado filed a motion to dismiss.

On November 2, 2023, the Court held a hearing, and after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, GRANTS Defendants' motion to dismiss with leave to amend.

## I. BACKGROUND

### A. General Factual Allegations

Plaintiffs Nader Eghtesad and Milestone Diversified Group, LLC own several parcels of real property in unincorporated Contra Costa County, including properties on Manning Road and Finley Road. (Compl., Dkt. No. 1-1 ¶ 1.) Plaintiffs contend that the County, former employee Keith Marks, and current employees John Kopchik, Jason Crapo, and Joseph Losado,"engaged in a long-running, knowingly wrongful and illegal pattern and practice of not only seeking to extort Plaintiffs . . . but also to discriminate against, and abusively target and harass Plaintiffs[.]" (Compl. ¶ 2.) Plaintiffs accuse Defendants of discriminating against Plaintiff Nader Eghtesad based on his "ethnicity/race," and of retaliating against and punishing Plaintiffs for their "refusals to capitulate to Defendants' illegal mistreatment" and their effort to "call [Defendants] out"

regarding the same. *Id*.

As an example of this claimed unlawful behavior, Plaintiffs contend that Marks threatened to "red-tag and issue code violations" unless Plaintiffs "paid him extortionate bribes." (Compl. ¶ 3.) When Plaintiffs rebuffed Marks's extortion attempt and reported it to his supervisors (Crapo and Kopchik), Defendants "decided to punish and retaliate against Plaintiffs" based on race, ethnicity, and their "whistle-blowing" efforts. *Id*.

Plaintiffs allege that Defendants have engaged in "ongoing, abusive, illegal mistreatment," including (a) issuing "false, abusive, and illegitimate" violation and abatement notices and demands; (b) falsely claiming that Plaintiffs failed to obtain required permits; (c) "reneging on promises/agreements," including whether a particular permitting issue had been "fully and finally cleared and resolved"; (d) falsely demanding that Plaintiffs must reapply for already approved or issued permits; and (e) illegally "flagging" Plaintiffs or their property and refusing to issue permits. (Compl. ¶ 4.) Plaintiffs further contend that Defendants refused to process or hear their "written appeals and challenges" and their Public Records Act requests. (Compl. ¶ 5.)

### B. Judicially Noticeable Facts and Information

In 2013, Plaintiffs obtained two building permits with the County pertaining to the Manning Road Property. (Def.'s Req. for Judicial Notice, "RJN," Dkt. No. 22).[1] The first permit was for installation of an electrical meter, and the second was to repair the barn on the subject property. (2013 Building Permits, RJN, Ex. A.) Under the then-current versions of California Building Code § 105.5 and Contra Costa County Ordinance Code § 72-6.212, permits automatically expired based on the failure to schedule and obtain an inspection within 180 days of issuance. (Contra Costa County Ordinance Code § 72-6.212, RJN, Ex. B.)

On August 18, 2015, Plaintiffs applied for a permit to construct a steel storage building. (August 2015 Permit Application, RJN, Ex. D at 1.) Plaintiffs contend that, despite numerous attempts and requests, this permit was never issued. (*See* Pls.' Letter, Compl., Ex. A at 2.)

On December 9, 2016, the County issued a Notice to Comply and commenced an

---

[1] Defendants' request for judicial notice is granted, *infra,* Part III.A.

enforcement action based on reported unapproved remodels and additions to the barn, as well as the reported unlawful storage of construction and commercial equipment on the premises. (December 9, 2016 Notice to Comply, RJN, Ex. C at 1.)  This notice set forth the corrective actions Plaintiffs must take to clear the violations, which included obtaining all necessary approvals for the remodel and addition, and to remove the contractor's yard. *Id.*  The corrective actions needed to be taken within 10 days, and Plaintiffs were advised of the consequences of non-compliance. *Id.* at 1-2.  Plaintiffs were also provided the phone number of the code enforcement officer. *Id.* at 2.

On January 26, 2018, Plaintiffs submitted a second permit application to "repair barn, paint, fix siding, doors." (2018 Permit Application, RJN, Ex. D at 2.)  The permit application had a notation that the application was "OK per Joe w/out plans." *Id.*

Pursuant to Contra Costa County Ordinance Code § 72-6.410, the County may, in its discretion, withhold issuance of a permit for any structure on a parcel of land on which there exists a violation of law or regulation relating to or affecting the permit. (County Ordinance Code § 72-6.410, RJN, Ex. E).  Furthermore, pursuant to Contra Costa County Ordinance Code § 72-6.208, the County may revoke or suspend a permit at any time for fraud, misrepresentation, or false statements in connection with a permit application. (County Ordinance Code § 72-6.208, RJN, Ex. F).

On April 25, 2018, the County issued a Notice to Comply to Plaintiffs, stating that there had been unpermitted improvements to the barn, including an unpermitted addition, new foundation, framing, windows, and siding. (April 25, 2018 Notice to Comply, RJN, Ex. G at 1). The notice also provided that there were nuisance conditions on the subject property, including the storage of commercial equipment and vehicles, such as a city bus, bus stop, box truck, and dump truck. *Id.* at 1-2.  The notice set forth the corrective actions that must be taken, including the filing of a building permit application authorizing the improvements already made, and the removal of all commercial equipment. *Id.* at 2.  Plaintiffs were informed of what would happen if corrective action was not taken by the May 14, 2018 deadline, and they were given the phone number of the building inspector should they have any questions regarding the matter. *Id.*

3

On May 16, 2018, the County issued a Notice of Intent to Record a Notice of an Abatement Proceeding. (May 16, 2018 Notice of Intent, RJN, Ex. H). The notice advised Plaintiff that the attached notice would be recorded due the unlawful conditions at the property.[2] *Id.* Plaintiffs were instructed to contact the Building Inspection Division at the included address and phone number if they had any questions or if they had evidence that the unlawful conditions did not exist. *Id.*

### C.    Plaintiffs' December 24, 2020 Demand Letter

On December 24, 2020, Plaintiffs' counsel sent a demand letter to Defendant Crapo, which was attached to Plaintiffs' complaint. (Pls.' Letter, Compl., Ex. A.) In the letter, Plaintiffs stated that they received a permit to repair an existing barn on the Manning Road Property in 2013. (Pls.' Letter at 2.) When Plaintiffs applied for a permit to construct a steel storage building on the same property in August 2015, however, the County failed to issue the permit. *Id*. Plaintiffs asked that the County issue a permit for the storage building, and that the County also conduct an inspection to approve electric meters that they had "long ago" installed on the property. *Id.*

The letter further stated that the County issued a "Notice to Comply" in December 2016, in which the County accused Plaintiffs of performing work on the barn without proper permits or approval, and in which the County said the conditions of Plaintiffs' property were akin to a "contractor's yard" and needed to be abated. (Pls.' Letter at 2.) Plaintiffs asked the County to confirm whether any of the issues identified in the December 2016 Notice remained outstanding. *Id*.

Plaintiffs' letter also inquired into the status of various other permitting and compliance issues dating from 2018 and January 2020. (Pls.' Letter at 2-3.) Plaintiffs specifically referenced a Notice to Comply dated April 25, 2018, and a subsequent Notice of Intent to Record a Notice of Pending Nuisance Abatement Proceeding, dated May 16, 2018. *Id*. at 2-3. Both notices pertained to unpermitted improvements to the barn on the Manning Road Property, as well as the unlawful storage of commercial equipment and vehicles. *Id*. In the letter, Plaintiffs asked for

---

[2] While Defendants did not include the attached abatement notice, Plaintiff's letter indicates that it alleged the same nuisances identified in the prior notices to comply. (*See* Pl.'s Letter at 3.)

4

"confirmation" that the issues raised in the notices were "closed, resolved, and moot," stating they had "successfully objected to and appealed the above issues or allegations, including via their letter . . . dated May 9, 2018[.]" *Id.* at 3.

Plaintiffs' letter stated that if the County did not "fully and formally" resolve these issues by January 15, 2021, Plaintiffs would request that the County treat the letter as a request for records under the California Public Records Act. (Pls.' Letter at 4-5.)

### D. Procedural Background

On December 22, 2022, Plaintiffs filed this lawsuit in Contra Costa County Superior Court. (*See* Compl.) The case was removed to federal court on February 3, 2023.

On August 9, 2023, Defendants filed a motion to dismiss (Defs.' Mot., Dkt. No. 21.) On August 23, 2023, Plaintiffs filed an opposition. (Pls.' Opp'n, Dkt. No. 23.) On August 30, 2023, Defendants filed a reply. (Defs.' Reply, Dkt. No. 24.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### B. Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388

(9th Cir. 1987).

## III.   DISCUSSION

### A.   Request for Judicial Notice

As a preliminary matter, Defendants ask that the Court take judicial notice of 8 documents in support of their motion to dismiss. (Req. for Judicial Notice, "RJN," Dkt. No. 22.) The documents are purportedly true and correct copies of: A) Building Permit Nos. BIMIR 13-009803, BIE 13-009802; B) Contra Costa County Ordinance Code § 72-6.402; C) Notice to Comply, dated December 9, 2016, BIRF 16-00773; D) Applications for Permits, 8505 Manning Road, Livermore; E) Contra Costa County Ordinance Code § 72-6.410; F) Contra Costa County Ordinance Code § 72-6.208; G) Notice to Comply, dated April 25, 2018, BIRF 18-00212; and H) Notice of Intent to Record a Notice of Pending Nuisance Abatement Proceeding, dated May 16, 2018, BIRF 18-00212. (RJN, Exs. A-H.)

Plaintiffs do not oppose the request for judicial notice.

Defendants ask that the Court take notice of the building permits, permit applications, two notices to comply, and the notice of intent to record a notice pending nuisance abatement (Exs. A, C, D, G, H) on the grounds that they were incorporated into the complaint by reference. (RJN at 2.) Under the incorporation by reference doctrine, the Court may consider an extrinsic document that the plaintiff refers to extensively or that "forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, the complaint incorporates the December 24, 2020 letter from Plaintiffs' counsel to Defendant Crapo, which describes these documents. (Pls.' Letter at 2-3.) Moreover, complaint accuses Defendants of depriving Plaintiffs of process in the course of undertaking various actions, and Plaintiffs specifically refer to, and rely upon, allegations regarding permit applications, notices to comply, and a notice of intent to record a notice of a pending nuisance abatement proceeding. (RJN at 2.) The Court finds that these documents were incorporated by reference into the complaint, and, are, therefore, subject to judicial notice.

Next, Defendants request that the Court take judicial notice of Contra Costa County Ordinance Code §§ 72-6.402, 72-6.410, 72-6.208. (RJN, Exs. B, E, F.) Municipal enactments,

ordinances, and regulations are public records that are subject to judicial notice. *See Jonna Corp. v. City of Sunnyvale*, No. 17-CV-00956-LHK, 2017 WL 2617983, at *4 (N.D. Cal. June 16, 2017).

Accordingly, Defendants' request for judicial notice is GRANTED.

### B. Motion to Dismiss

Defendants move to dismiss all claims on the grounds that they are both barred by the applicable statute of limitations and that they fail to state a claim.

#### i. Statute of Limitations

Defendants contend that all claims are barred by the statute of limitations, because all allegations pertain to events that occurred more than two years before the lawsuit was filed. *Id.* at 6-7. This case was filed in state court on December 22, 2022. (*See* Compl.) The most recent date referred to in the complaint is contained in the December 24, 2020 letter, attached as Exhibit A, which references a Notice to Comply that was issued on January 8, 2020. (*See* Pls.' Letter at 3.)

In opposition, Plaintiffs argue that Defendants have not met their burden of showing that the action is time-barred. (Pls.' Opp'n at 1.) To the extent that Plaintiffs argue that the statute of limitations should be tolled due to a purported administrative delay, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (internal quotations and citation omitted); *see* Pls.' Opp'n at 5,7. Thus, despite the argument to the contrary, Plaintiffs bear the burden of showing that the case is not time-barred.

##### a. Appropriate Limitations Period

Defendants argue that all claims are barred by the two-year statute of limitations. (Defs.' Mot. at 6-7.) Under California law, the statute of limitations for constitutional claims is two years. *See Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 956 (9th Cir. 2011). The limitations period for a writ for mandamus is determined "by the nature of the underlying right or obligation that the action seeks to enforce." *Branciforte Heights, LLC v. City of Santa Cruz*, 138 Cal. App. 4th 914, 926, 42 Cal. Rptr. 3d 96, 104 (2006).

Plaintiffs' first cause of action is for writ of mandamus, in which they allege that

1  Defendants failed to comply with statutes, regulations, and procedures, and ask that they be
2  commanded to set aside, void, withdraw, or rescind their positions and be enjoined from taking
3  further action until they are in compliance with the law. (Compl. ¶¶ 9-24.)  Thus, the nature of
4  Plaintiffs' writ is tantamount to a request for declaratory relief based on an alleged violation of
5  their constitutional rights, such as the right to "proceed in the manner required by law. (*See*
6  Compl. ¶ 22.)  This claim is, therefore, subject to a two-year statute of limitations.  *See, e.g.,*
7  *Colony Cove Properties., LLC*, 640 F.3d at 956 (claim under Takings Clause barred by two-year
8  statute of limitations).  The remaining three causes of action are constitutional claims under 42
9  U.S.C. § 1983 for denial of due process, denial of equal protection, and unconstitutional taking.
10  (Compl. ¶¶ 25-36.)

11  At the hearing, Plaintiffs argued that a four-year limitations period applies. Plaintiffs'
12  reliance on *Valvo v. Univ. of S. California*, 67 Cal. App. 3d 887 (Ct. App. 1977), however, is
13  misplaced, because the case is factually inapposite.  *Valvo* involved a former USC medical student
14  who argued that he was improperly dismissed from the private university and then engaged in the
15  school's extensive readmission process prior to filing his lawsuit. 67 Cal. App. 3d at 892-94.
16  There, the court found that the limitations period ran from the conclusion of the school's
17  administrative proceedings, rather than from the date of his expulsion. *Id.* at 894.  The *Valvo* court
18  found that the four-year limitations period in California Civil Procedure Code § 343 applied,
19  because no other limitations period "appear[ed] to be appropriate" to a university readmission
20  claim. *Id.* at 894.  This is not the situation here.

21  For the foregoing reasons, the two-year limitations period for constitutional claims applies
22  to all claims alleged.

23        b.  Triggering Event

24  At the hearing, Plaintiffs confirmed that they believe that the limitations period should not
25  have begun to run until the date of their December 2020 demand letter, because Plaintiffs were
26  "trying to pursue whatever administrative remedies might exist[.]" (*See* Pls.' Opp'n at 7-8.)
27  Unlike *Valvo,* there was no formal administrative proceeding from which Plaintiffs may have
28  obtained relief, and no extraordinary circumstance appears to have existed that would have

extended the limitations period. Indeed, the notices to comply outlined the County's process by identifying the corrective actions necessary to obtain the approvals for the construction, and providing a phone number to contact the applicable inspector if Plaintiffs had questions or believed the notices were issued in error.

Nonetheless, obtaining legal counsel and sending a demand letter is not a triggering event. To the contrary, the judicially noticed documents—the building permits, applications, and notices— belie any allegation of extraordinary circumstance, because they indicate that Plaintiffs were informed of the processes by clearly identifying the corrective actions that needed to be taken, as well as the time period for doing so, which directly contradicts any allegation that Plaintiffs were "strung along" like the plaintiff in *Valvo.* As Defendants argue, Plaintiffs were certainly on notice as of April 2018 that they would not be receiving the requested permit, which were being withheld based on the identified property violations. (*See* Defs.' Reply at 8; RJN, Ex. G.) While Plaintiffs contend that they "objected to and appealed" the April 2018 notice on May 9, 2018, they do not allege that the corrective actions were taken or that the violations did not exist. (*See* Pl.'s Letter at 3.)[3] The December 2016 and April 2018 notices to comply outlined the corrective actions to be taken, the deadline to complete them, and the individuals to contact if they had questions or believed the notices were issued in error. (*See* RJN, Exs. C, G.) Nowhere do Plaintiffs allege that they complied with the processes outlined in the notices to comply. Plaintiffs are required to comply with the notices and the corrective actions set forth therein. Plaintiffs are not permitted to fashion their own appeals process. If Plaintiffs can allege that they followed the available processes, they need to do so, because being denied permits after choosing not to follow the County's instructions does not give rise to a constitutional violation.

Furthermore, Plaintiffs do not allege that they responded to the May 16, 2018 Notice of Intent to Record, which was dated one week after they claim to have appealed the April 2018 notice to comply. At the hearing, Plaintiffs argued that the alleged nuisances never existed, and that Defendants made them up. Plaintiffs, however, did not claim that they timely applied for

---

[3] Plaintiffs also do not provide a copy of the May 9, 2018 "appeal" letter cited in the attachment to the complaint. If they retained a copy, they should attach it to the amended complaint.

permits in response to the notices to comply. Nor do Plaintiffs assert that they contacted the inspector identified in the county's notice to contest the existence of the nuisance conditions identified in the notice. The Court also notes that even if Plaintiffs' claims accrued when the last Notice to Comply was issued on January 8, 2020, the lawsuit would still be time barred, since the case was not filed until December 22, 2022. (*See* Pls.' Letter at 3.)

At the hearing, Plaintiffs argued, for the first time, that they submitted a formal appeal to the Contra Costa County Board of Supervisors, which erroneously denied the appeal as a government claim. This is not alleged in the complaint, and the undersigned does not know when this purported appeal occurred let alone whether it was otherwise proper.

Finally, Plaintiffs contend that they "have diligently, reasonably tried (in virtually all ways imaginable) to object to - and hopefully resolve sans litigation - Defendants' rather bizarre, unfair misconduct." (Pls.' Opp'n at 8.) While attempting to resolve a dispute without filing a lawsuit is generally preferable, it does not extend the statutory period.

Accordingly, as currently pled, the motion to dismiss is granted on the grounds that the case is barred by the two-year statute of limitations. Plaintiffs do not appear to have taken the corrective actions necessary to obtain their permits and abate the nuisance, and instead opted to sit on their rights for several years before hiring legal counsel and issuing a demand letter. While issuing a demand letter cannot revive an otherwise time-barred claim, Plaintiffs are granted leave to amend to allege any objections and appeals taken and the substance thereof, that they complied with the corrective actions outlined in the notices to comply, or any other facts to suggest an ongoing violation. If Plaintiffs cannot allege such facts in good faith, they should file a voluntary dismissal in lieu of an amended complaint.

### ii. Whether Plaintiffs sufficiently state a claim

Since the claims are likely barred by the applicable statute of limitations, the Court need not address the sufficiency of the claims.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED with leave to amend. Plaintiffs shall file the amended complaint within 21 days of this order.

11

The amended complaint must comply with Federal Rule of Civil Procedure 8, and it must contain all relevant facts. Merely attaching the demand letter is not sufficient to satisfy federal pleadings standards.

IT IS SO ORDERED.

Dated: December 8, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge