UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADER EGHTESAD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>Defendants. | Case No. 4:23-cv-00525-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 33 |

On December 8, 2023, the Court dismissed Plaintiff's initial complaint with leave to amend. (Dkt. No. 31.) Therein, Plaintiff was ordered to file an amended complaint within 21 days. *Id.* at 11. The docket entry for the order clearly stated that "Amended Pleadings due by 12/29/2023." (Docket entry text, Dkt. No. 31.) Plaintiff did not file the amended complaint until January 5, 2024. (First. Am. Compl., "FAC," Dkt. No. 32.) On January 12, 2024, Defendants filed a motion to strike the complaint on the grounds that it was untimely and requested that the Court enter judgment in favor of Defendants. (Defs.' Mot., Dkt. No. 33 at 1.)

In opposition, Plaintiff's counsel explains that the deadline was calculated as being January 2, 2024, because the December 8, 2023 order was filed after 5:00 PM, so it was not "effectively received" until Monday, December 11, 2023. (Pl.'s Opp'n at 1.) The Northern District considers all documents electronically-filed by 11:59 PM to be timely filed that day. Civil L.R. 5-1(d)(4). Indeed, the ECF system's electronic service of a document constitutes service on the receiving party, and court orders "in non-sealed cases will be served only via the emailed Notice of Electronic Filing." Civil L.R. 5-1(h)(1),(3). There is no provision extending the service date or response deadline based on when a party "effectively receives" the email notification. As a result, the fact that the order was filed at 5:16 PM does not alter the filing deadline. Regardless, as

1  Defendants noted, the docket entry clearly stated that the amended complaint was due by
2  December 29, 2023. (*See* Defs.' Mot. at 3.)
3      Nonetheless, even if Plaintiff's counsel had properly calculated the deadline as January 2,
4  2024, the amended complaint was not filed until January 5, 2024.  Filing deadlines are hard
5  deadlines, so Plaintiff's position that "The FAC was completed as soon as reasonably possible
6  within a day or two of the believed Tues.[,] January 2nd deadline" is not excusable. (*See* Decl. of
7  Daniel A. Muller, Dkt. No. 38-1 ¶ 9.)  While Plaintiff properly sought a stipulation from
8  Defendants to extend the deadline, when Defendants refused, he should have immediately filed an
9  administrative motion for an extension of time pursuant to the Civil Local Rules.  That did not
10 occur.
11     Thus, the Court finds that Plaintiff was not diligent and GRANTS the motion to strike the
12 First Amended Complaint.  The Federal Rules strongly prefers that cases be decided on the merits,
13 so Plaintiff is granted leave to file a second amended complaint by **March 4, 2024.**  There will be
14 no extensions.  Plaintiff is advised that the failure to timely file the second amended complaint by
15 March 4, 2024 will result in the case being dismissed with prejudice and judgment being entered
16 in favor of the Defendants.
17     IT IS SO ORDERED.
18 Dated: February 26, 2024

KANDIS A. WESTMORE
United States Magistrate Judge

2